UNITED STATES OF AMERICA )
 )
  v. )  **Criminal No. 3:25-30007-MGM**
 )
JAMES G. PEPE, III, )
  a/k/a "Judith Pepe" )
 )
 )
  Defendant. )

## FINAL STATUS CONFERENCE MEMORANDUM

The United States of America, by Leah B. Foley, United States Attorney for the District of Massachusetts and Assistant United States Attorney Thomas A. Barnico, Jr., and the defendant, by and through attorney Dana Goldblatt, Esq. for James "Judith" Pepe, III, submit this memorandum to address the issues delineated in Local Rule 116.5(c).

1.  The government provided its automatic disclosures of materials then in its possession to the defendant on April 30, 2025.[1]

2.  The government provided additional discovery materials - received after April 30, 2025 - to defense counsel on May 27, 2025.

3.  The government provided requested discovery documents to the defendant on September 30, 2025. The discovery documents were the FBI's policy guide on body-worn cameras 1343PG subsection 4.1, "Authorized Uses for Body Worn Cameras."

4.  On December 5, 2025, defense counsel filed a motion to compel the government to produce FBI's policy guide on body-worn cameras (1343PG) subsections 4.2 and 4.7. The government filed its opposition in response. The Court ordered the government to submit

---

[1] The government previously provided predecessor counsel Attorney Bernard O'Connor with the same automatic discovery on March 21, 2025.

subsections 4.2 and 4.7 and all body-worn camera footage for its *in camera* review in deciding defense counsel's motion. The government complied with the Court's order on January 14, 2026.

5. The government has produced all discovery it intends to produce.

6. The defendant may request additional time to review discovery, serve discovery requests, and file discovery motions.

7. The government will provide discovery in response to any future request according to the Local Rules and pursuant to the Federal Rules of Criminal Procedure, including any supplemental discovery if any additional materials are obtained.

8. The government may seek a limited protective order regarding confidential and law enforcement sensitive materials requested by the defendant and ordered by the court.

9. The defendant does not intend to file a motion under Fed. R. Crim. P. 12(b).

10. Currently, the Government does not anticipate calling an expert at trial.

11. The government states that the ends of justice are served by granting a continuance until the date of a final status conference and excluding this time from the calculation of the time within which the trial must begin outweighs the best interests of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A) and Local Rule 112.2. This exclusion will serve the ends of justice because it will permit time for the defendant to finish reviewing discovery produced by the government, serve additional discovery requests, and consider a possible plea. A proposed order of excludable delay is attached to this status report. Defense counsel objection to this motion is noted in the proposed order

12. The government expects an estimated 1 – 2 number of trial days.

13. The government consulted with defense counsel for the defendant and defense counsel agrees that the above memorandum is accurate.

Respectfully submitted,

LEAH B. FOLEY
UNITED STATES ATTORNEY

January 21, 2026          By:     */s/ Thomas A. Barnico, Jr.*
THOMAS A. BARNICO, JR.
Assistant United States Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0142
Thomas.Barnico@usdoj.gov

<u>Certificate of Service</u>

        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATE: January 21, 2026                  */s/ Thomas A. Barnico, Jr.*
                                            Thomas A. Barnico, Jr.
                                            Assistant United States Attorney